NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RAHEEM JACOBS, | : | CIV. NO. 23-3753 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| | : | |
| PATRICK NOGAN, ADMINISTRATOR EAST JERSEY STATE PRISON, | : | |
| Respondent | : | |

**BUMB, CHIEF UNITED STATES DISTRICT COURT JUDGE**

This matter comes before the Court upon Petitioner Raheem Jacobs's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (Dkt. No. 1.) Jacobs seeks an order compelling his transfer to federal custody to serve a previously imposed federal sentence prior to completing a subsequent state sentence. (*Id.*) Respondents filed an answer opposing habeas relief (Dkt. No. 4); submitting the underlying indictment (Ra1), judgment of conviction (Ra2), and appellate notices (Ra3, Ra4).

---

[1] Petitioner improperly filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which is used to challenge the validity of a state court conviction and sentence. The Court has construed the petition as challenging the execution of Petitioner's sentence, specifically, whether state authorities should relinquish primary custody over Petitioner to federal authorities to serve his federal sentence first.

I. **BACKGROUND**

On September 11, 2017, Petitioner pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) before the Honorable Joseph H. Rodriguez, U.S. District Judge, District of New Jersey, and was sentenced to a 120-month term of imprisonment, consecutive to any previous state or federal sentence. *U.S. v. Jacobs*, 17cr152 (D.N.J.) (Judgment, Dkt. No. 10.) According to the petition, Petitioner completed service of a previously imposed state sentence on April 27, 2021. (Pet. ¶ 5, Dkt. No. 1.) Upon expiration of the previously imposed state sentence, Petitioner was not relinquished to federal custody but, instead, transferred to a county jail pending state homicide charges. (Pet. ¶¶ 5, 12, Dkt. No. 1.)

Petitioner was convicted of reckless manslaughter in violation of N.J.S. 2C:11:4(B)(1) in the Superior Court of New Jersey, Law Division, Criminal Part, Cumberland County. (Ra2, Dkt. No. 4-2.) As a result, on August 5, 2022, Petitioner was sentenced to a 20-year term of imprisonment with 85% parole ineligibility. (*Id.*) Petitioner's appeal remained pending at the time the answer to the petition was filed. (Ra3, Ra4, Dkt Nos. 4-3 and 4-4.)

Petitioner now asks this Court to direct the Bureau of Prisons to take custody of him to serve his federal sentence before continuing his New Jersey term of imprisonment. (Pet. ¶ 12, Dkt. No. 1.) Because Petitioner is in state custody, the Court construes the petition to seek an order directing state

authorities to relinquish primary jurisdiction and deliver Petitioner to federal authorities for service of his federal sentence.

## II. STANDARD OF REVIEW

A prisoner challenging the execution of a sentence must proceed under 28 U.S.C. § 2241, *see e.g., Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990); such petitions must be brought against the custodian with immediate control over the petitioner and filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

A federal prisoner does not begin service of his federal sentence until "the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C.A. § 3585(a).

## III. DISCUSSION

Petitioner is now in state custody serving a valid sentence, imposed after a jury trial. At the time the federal sentence was imposed, Petitioner was serving a prior state sentence. "A state prisoner transferred to federal custody under a *writ ad prosequendum* to answer federal charges is considered on loan to federal authorities and remains in primary custody of the state unless and until the first sovereign relinquishes jurisdiction." *Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) (cleaned up). Rather than transferring Petitioner to federal authorities upon expiration of his earlier state sentence, state authorities transferred him to a county jail for pending state charges.

"Primary custodial jurisdiction remains vested in the sovereign that first arrests the defendant until that sovereign relinquishes its priority." *Harris v. Bureau of Prisons (BOP) Fed.*, 787 F. Supp. 2d 350, 357 (W.D. Pa. 2011). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005). Petitioner had pending state charges upon expiration of a previously imposed state sentence, and he was subject to a federal detainer.

"The exercise of jurisdiction over [a petitioner who is subject to two lawful sentences, one by the United States and one by a state] is solely a question to be determined between those two sovereignties, and is not subject to attack by the prisoner." *U.S. v. McCrary*, 220 F.3d 868, 870 (3d Cir. 2000). Petitioner, however, may request that the Federal Bureau of Prisons ("BOP") designate, *nunc pro tunc*, a state facility for service of his federal sentence pursuant to 18 U.S.C. § 3621(b). *See Barden*, 921 F.2d at 478–79. Petitioner has not alleged that he has done so. At the time the petition was filed, Jacobs remained incarcerated solely on state charges following a lawful conviction. This Court lacks jurisdiction to compel his transfer.

## IV.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 will be **DISMISSED for lack of standing.**

An appropriate Order follows.

Dated:  July 7, 2025

                                     <u>s/Renée Marie Bumb</u>
                                     RENÉE MARIE BUMB
                                     Chief United States District Judge